**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Catherine FELDER, Defendant— Appellant.**

No. 02–10047.

D.C. No. CR–99–40230–1–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2002.*

Decided Oct. 22, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, BEEZER and WARDLAW, Circuit Judges.

### MEMORANDUM **

Catherine Felder appeals her convictions for making false statements to a government agency in violation of 18 U.S.C. § 1101 and theft of government property in violation of 18 U.S.C. § 641. We have jurisdiction under 28 U.S.C. § 1291. We affirm the convictions under § 1101 and reverse the conviction under § 641.

■ Felder argues that the government presented insufficient evidence to prove the element of materiality, 8 U.S.C. § 1101. Preliminarily, we reject the government's contention that Felder's verbal Rule 29 motions at trial failed to preserve this issue for review. *See United States v. Tisor,* 96 F.3d 370, 380 (9th Cir.1996) (oral Rule 29 motion at trial properly preserves issue for review).

■ A rational trier of fact could have found that Felder's false statements were "capable of affecting or influencing a governmental decision." *United States v. Matsumaru,* 244 F.3d 1092, 1101 (9th Cir. 2001); *see also United States v. Facchini,* 874 F.2d 638, 643 (9th Cir.1989) ("[T]he statement must be capable of having some non-trivial effect on a federal agency."). Here, the evidence "viewed in the light most favorable to the prosecution," *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), demonstrated that (1) Felder understated her income and assets on benefit applications; (2) Felder submitted the applications to the Oakland Housing Authority (OHA) and the Social Security Administration (SSA); (3)

OHA administers federal housing benefits, and SSA distributes federal funds, based on the information applicants provide; and (4) Felder received benefits from both agencies.

■ Felder also argues, and the government concedes, that insufficient evidence was presented to prove she stole more than $1,000 from the government, 18 U.S.C. § 641. Although the parties stipulated that Felder received more than $1,000 in benefits, the government failed to prove the amount she improperly received. Therefore, we reverse Felder's § 641 conviction.

**AFFIRMED IN PART AND REVERSED IN PART**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.